**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PRODUCE PACKAGING, INC., | ) | Case No. 1:26-cv-1167 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| XEED ACQUISITIONS GROUP, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Produce Packaging, Inc. filed suit against Defendants Xeed Acquisitions Group, Inc. and Xeed Holdings Group II LLC, alleging breach of contract or, in the alternative, unjust enrichment. (ECF No. 1.) According to the complaint, Plaintiff and Defendants were parties to an agreement under which Defendants would reimburse Plaintiff for costs incurred during an earlier transaction. (ECF No. 1, ¶¶ 6–13, PageID #2–3.) To date, Defendants have not repaid Plaintiff. (*Id.*, ¶¶ 12–13, PageID #3.) On May 22, 2026, Defendants waived service. (ECF No. 3, PageID #13.) On August 28, 2026, the Clerk entered default against Defendants under Rule 55(a). (ECF No. 7.) Defendants move for a default judgment. (ECF No. 10.) For the reasons that follow, the Court **GRANTS** the motion and **AWARDS** Plaintiffs damages in the amount of $202,722.87 plus post-judgment interest at the statutory rate until satisfaction of the judgment.

## STATEMENT OF FACTS

On May 19, 2026, Plaintiffs filed suit against Defendants. They bring two claims: breach of contract or, alternatively, unjust enrichment. (ECF No. 1, ¶¶ 14–22, PageID #3–4.) The complaint alleges the following facts, which the Court takes as true.

Plaintiff Produce Packaging, Inc. is an Ohio corporation with its principal place of business in Ohio. (*Id.*, ¶ 1, PageID #1.) Defendant Xeed Acquisitions Group, Inc. is a Delaware corporation with its principal place of business in New York; Defendant Xeed Holdings Group II LLC is a limited liability company registered and with its principal business address in Delaware. (*Id.*, ¶ 1–2, PageID #1–2.)

Plaintiff and Defendants executed a stock purchase agreement dated October 11, 2024. (*Id.*, ¶ 6, PageID #2.) Under the agreement, Defendants were to purchase "Plaintiff's ownership stock." (*Id.*) In anticipation of the closing, Plaintiff hired Thomas Daddino as an accommodation to Defendants. (*Id.*, ¶ 7.) In the end, Defendants encountered difficulty securing financing, so the parties did not close on the stock purchase agreement. (*Id.*, ¶ 8, PageID #3.) Later, Defendants agreed to reimburse Plaintiff for the compensation paid to Daddino. (*Id.*, ¶ 9.) The parties memorialized this term, among others, in a confidential settlement agreement and mutual release dated February 1, 2026. (*Id.*, ¶¶ 11–12.) In relevant part, this agreement provides for Defendants' repayment of $202,722.87 to Plaintiff for the reimbursement of the compensation paid to Daddino. (*Id.*, ¶ 17, PageID #4.) To date, that amount remains due and owing. (*Id.*)

## STATEMENT OF THE CASE

Plaintiff filed suit seeking damages, attorney's fees, court costs, and interest for Defendants' breach of the agreement. (*Id.*, PageID #4–5.) Upon filing the complaint, Plaintiff requested waiver of service (ECF No. 3, PageID #11), which Plaintiff filed on the docket on May 22, 2026 (*id.,* PageID #13). Defendants failed to answer, move, defend, or otherwise make an appearance in response to the complaint within the timeframe allowed by Rule 12(a)(1)(A)(i), and on August 28, 2026 the Clerk entered the Defendants' default under Rule 55(a). (ECF No. 7.) Then, under Rule 55(b)(1), Plaintiff moved for a default judgment in the amount of $202,722.87. (ECF No. 10.) Defendants did not oppose the motion and the time to do so has now passed. (ECF No. 11.)

## JURISDICTION

Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Based on the amount of the settlement at isse, more than $75,000 is at issue. (ECF No. 1, ¶¶ 4, 10 & 23–26, PageID #2 & #5.) A corporation has the citizenship of its State of incorporation and its principal place of business. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017). As noted, Produce Packaging is an Ohio corporation with its principal place of business in Ohio (ECF No. 1, ¶ 1, PageID #1), and Xeed Acquisitions Group is a Delaware corporation with its principal place of business in New York (*id.*, ¶ 2). As a limited liability company, Xeed Holdings Group II "has the citizenship of each of its members." *Tennial v. Bank of America, N.A.*, No. 17-6377, 2020 WL 2530872, at *1

(6th Cir. Apr. 15, 2020). The complaint alleges that Xeed Holdings Group II is a Delaware limited liability company but does not plead any information about any of its members. In fairness, Plaintiff likely does not have that information. Based on the allegations of the complaint and the record as a whole, which includes the Court's *in camera* review of the settlement agreement giving rise to this dispute, there is no reason to believe that any member of Xeed Holdings Group II is a citizen of Ohio. Therefore, the Court has subject matter jurisdiction over this dispute. If it turns out that Xeed Holdings Group II has a member who is an Ohio citizen, the Court will reexamine its jurisdiction.

## ANALYSIS

Rule 55 governs the entry of a default judgments: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In other words, a default on well pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

Under Rule 55(b)(1), the Clerk may issue a default judgment "for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). Claims for damages are not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled. *National Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143 at *2 (N.D. Ohio May 10, 2021).

Because of the limited jurisdiction of the federal courts, the Court has an independent obligation to examine its own jurisdiction. *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted). Therefore, a court must be satisfied that it has jurisdiction before entering default judgment. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

Additionally, in determining whether a default judgment is warranted, the Court considers seven factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excludable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. A'ppx 196, 198 (6th Cir. 2002) (citation omitted).

## I. Liability

Plaintiffs seek default judgment on Count I for breach of contract. (ECF No. 10, PageID #32–33.) While the complaint's well-pleaded factual allegations are accepted as true when determining liability, the Court must still determine whether those facts state a claim for relief. *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

Plaintiff alleges that Defendants breached the agreement by failing to repay Daddino's compensation. (ECF No. 1, ¶¶ 14–18, PageID #3–4.) To establish a claim for breach of contract, a plaintiff must prove: "(1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019) (citing *Claris, Ltd. v. Hotel Dev. Servs., LLC*, 2018-Ohio-2602, 104 N.E.3d 1076, ¶ 28 (Ohio Ct. App.)).

Plaintiff's factual allegations, taken as true under Rule 8(b)(6), allege each element. On February 1, 2026, the parties mutually entered the confidential settlement and mutual release. (ECF No. 1, ¶ 11, PageID #3.) Under that agreement, Defendants promised to reimburse Plaintiff for costs it suffered during an earlier transaction that did not close due to Defendant's failure to provide the requisite financing. (*Id.*, ¶ 8–12.) In exchange, Plaintiff released its claims against Defendants arising from that transaction. (*Id.*, ¶ 11.) Plaintiff performed by foregoing that litigation. (*Id.*, ¶ 16.) Conversely, Defendants breached the agreement by failing to make the payment that the contract required. (*Id.*, ¶ 12–13.) This breach resulted in damages to Plaintiff. (*Id.*, ¶ 18.) Accordingly, Plaintiff is entitled to a default judgment on Count I.

## II. *Russell* Factors

Before entering a default judgment, the Court must consider the seven *Russell* factors: (1) prejudice to the plaintiff; (2) the merits of the claims and defenses; (3) the sufficiency of the complaint; (4) the amount at stake; (5) possible disputed material facts; (6) whether the default was due to excludable neglect; and

(7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). On the record presented, each factor weighs in favor of entering a default judgment.

*First*, although it was served, Defendants have failed to answer, move, defend or otherwise make an appearance, which reflects Defendants' active disregard for the case. Without Defendants' participation, Plaintiff cannot pursue its claims, prejudicing Plaintiff's ability to redress the damages claimed as a result of Defendants' breach of the agreement.

*Second*, as noted, Plaintiff stated a claim for breach of contract that has merit and, presuming the truth of the facts, are not subject to serious dispute on the legal merits.

*Third*, the complaint contains sufficient factual allegations to establish breach of contract and is not conclusory.

*Fourth*, the amount at stake—$202,722.87—is a substantial sum that all parties have sufficient incentive to litigate.

*Fifth*, because Plaintiff provided a sufficient complaint with detailed allegations, it is difficult to see reasonable disputes of material facts.

*Sixth*, the record reveals no excusable neglect on the part of Defendants.

*Seventh*, although a decision on the merits is always preferable, the record presents no reason to believe that one is possible here because Defendants, though having actual knowledge of the case, have decline to defend.

Accordingly, the Court finds that entry of a default judgment is appropriate.

## III. Relief

Where a defendant defaults, the well-pleaded allegations of a complaint as to liability are taken as true, but not as to damages. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr. V. U.S. Fid. & Guar.*, 661 F.2d, 119, 124 (9th Cir. 1981)); *National Satellite Sports, Inc. v. Mosley Entm't Inc.*, No. 01-cv-74510, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2002) (noting that the allegations of the complaint regarding the amount of damages are not controlling) (citations omitted). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x. 351, 354–55 (6th Cir. 2009)). The Court may rely on affidavits the plaintiff submits in support of damages without the need for a hearing. *Id.* at *2 (citations omitted). In the interest of judicial economy, and because Plaintiff provided sufficient support for the damages it claims, the Court exercises its discretion not to hold a hearing. Plaintiff's affidavit constitutes sufficient evidence from which the Court can determine damages.

Plaintiff seeks direct damages, post-judgment interest, reasonable attorney fees, and court costs. (ECF No. 10, PageID #32–33; ECF No. 1, PageID #4–5.)

**IV.A. Direct Damages**

"Damages are not awarded for a mere breach of contract; the amount of damages awarded must correspond to injuries resulting from the breach." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 144, 684 N.E.2d 1261 (1996). Plaintiff seeks direct damages, which places the injured party in the same position that it would have been in but for the breach. *See id.*

Plaintiff seeks $202,722.87 in direct damages under the agreement, a figure constituting reimbursement for expenditures Plaintiff incurred during the prior transaction. (ECF No. 10, ¶¶ 3–4, PageID #36–37.) In an affidavit, Plaintiff provides evidence that Defendants have not made that repayment. (*Id.*, ¶¶ 5, PageID #37.)

The Court finds that $202,722.87 is directly attributable to the breach and is a proper measure of damages for breach of the agreement that will place Plaintiff in the position it would have been in had Defendants not breached. Accordingly, the Court determines that Plaintiff has presented sufficient evidence supporting an award of direct damages in the amount of $202,722.87.

**IV.B. Post-Judgment Interest**

Federal law determines post-judgment interest. *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000). Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recorded in a district court." 28 U.S.C. § 1961(a). The interest "shall be computed daily to the date of payment

. . . and shall be compounded annually." *Id.* § 1961(b). Post-judgment interest may be awarded on all money damages, including pre-judgment interest, attorneys' fees, and costs. *Eaton Corp. v. Wrena, LLC*, No. 1:20-cv-893, 2024 WL 5055188, *2 (N.D. Ohio 2024) (collecting cases). Post-judgment interest "is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Therefore, pursuant to Section 1961, the applicable post-judgment interest rate is 4.38%. *Selected Interest Rates*, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/h15/ (last visited Nov. 4, 2026).

Accordingly, Plaintiff is entitled to post-judgment interest at the statutory rate of 4.38% until satisfaction of the judgment and otherwise in accordance with Section 1961.

**IV.C. Attorney's Fees**

The contract at issue does not provide for an award of attorney's fees. In any event, Plaintiff did not provide any documentation to support an award of attorney's fees. Therefore, the Court declines to award attorney's fees.

**IV.D. Court Costs**

Plaintiff requests that the Court award its costs. (ECF No. 10, PageID #33; ECF No. 1, PageID #5.) Under Rule 54(d)(1), courts have discretion to award costs to prevailing parties. Fed. R. Civ. P. 54(d)(1); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). Rule 54(d)(1) provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other

than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 defines costs for purposes of Rule 54(d)(1). *Taniguchi*, 566 U.S. at 565 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). The Sixth Circuit interprets Rule 54(d) as creating a presumption in favor of awarding costs. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

In this case, Plaintiff is entitled to its costs based on the default judgment in its favor. However, Plaintiff makes no effort to specify or quantify the costs it requests beyond the $405 filing fee. (ECF No. 10, PageID #33; ECF No. 10-1, PageID #41; ECF No. 1, PageID #4.) Therefore, the Court includes the filing fee in its award and judgment, but no other costs.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's renewed motion for default judgment. (ECF No. 10.) Accordingly, the Court **AWARDS** Plaintiff $203,127.87 in total damages plus post-judgment interest at the statutory rate until satisfaction of the judgment.

**SO ORDERED.**

Dated: November 4, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio